| | |
|---|---|
| Steven A. Moore, State Bar No. 232114<br>steve.moore@pillsburylaw.com<br>Nicole S. Cunningham, State Bar No. 234390<br>nicole.cunningham@pillsburylaw.com<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>501 West Broadway, Suite 1100<br>San Diego, CA 92101-3575<br>Telephone: 619-234-5000<br>Facsimile: 619-236-1995<br><br>Kecia J. Reynolds (admitted *pro hac vice*)<br>kecia.reynolds@pillsburylaw.com<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>1200 Seventeenth Street, NW<br>Washington, DC 20036<br>Telephone: 202-663-8000<br>Facsimile: 202-663-8007 | Andrew S. Hansen (admitted *pro hac vice*)<br>ahansen@foxrothschild.com<br>Archana Nath (admitted *pro hac vice*)<br>anath@foxrothschild.com<br>Elizabeth A. Patton (admitted *pro hac vice*)<br>epatton@foxrothschild.com<br>**FOX ROTHSCHILD LLP**<br>222 South Ninth Street, Suite 2000<br>Minneapolis, MN 55402<br>Telephone: 612-607-7000<br>Facsimile: 612-607-7100<br><br>Ashe P. Puri, State Bar No. 297814<br>apuri@foxrothschild.com<br>**FOX ROTHSCHILD LLP**<br>10250 Constellation Blvd., Suite 900<br>Los Angeles, CA 90067<br>Telephone: 310-598-4150<br>Facsimile: 310-556-9828 |

*Attorneys for Plaintiff Sleep Number Corp.*

| | |
|---|---|
| Kyle L. Elliott (SBN 164209)<br>**SPENCER FANE LLP**<br>kelliott@spencerfane.com<br>1000 Walnut Street, Suite 1400<br>Kansas City, Missouri 64106<br>Telephone: (816) 474-8100<br>Facsimile: (816) 474-3216 | Jaspal S. Hare (SBN 282171)<br>**SPENCER FANE LLP**<br>jhare@spencerfane.com<br>5800 Granite Parkway, Suite 800<br>Plano, TX 75024<br>Telephone: (214) 750-3623<br>Facsimile: (972) 324.0301 |

*Attorneys for Defendant Sizewise Rentals LLC.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| SLEEP NUMBER CORPORATION,<br><br>   Plaintiff,<br><br>   v.<br><br>SIZEWISE RENTALS LLC,<br><br>   Defendant. | Case No. 5:18–cv–00356 AB (SPx)<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br>**[RULE 26(f) REPORT]**<br><br>Date/Time:  July 6, 2018; 10:00 a.m.<br>Hon. André Birotte Jr., Courtroom 7B |

Plaintiff SLEEP NUMBER CORPORATION ("Plaintiff"), and Defendant SIZEWISE RENTALS LLC ("Defendant") (collectively "the Parties"), hereby submit their Joint Scheduling Conference Report pursuant to the Court's Order Setting Scheduling Conference (Dkt. 36), Rule 26(f) of the Federal Rules of Civil Procedure, and Local Rule 26-1. The Parties' meeting of counsel was conducted telephonically on June 12, 2018, and was attended by Elizabeth Patton of Fox Rothschild LLP on behalf of Plaintiff and Jaspal Hare and Kyle Elliott of Spencer Fane LLP on behalf of Defendant. The following section headings, identified in the Court's Order Setting Scheduling Conference (Dkt. 36), provide a summary of the Parties' respective views of the case.

## RULE 26(F) TOPICS

### A. Statement of the Case

*By Plaintiff:*

Plaintiff filed its complaint on February 20, 2018, and, following the filing of Defendant's motion to dismiss, filed its first amended complaint on March 23, 2018, asserting claims of (1) infringement of U.S. Patent No. 5,904,172, (2) infringement of U.S. Patent No. 9,737,154, and (3) infringement of U.S. Patent No. 8,769,747 (collectively, the "patents-in-suit"). Plaintiff seeks damages with respect to the infringement of all three patents and seeks injunctive relief with respect to the infringement of the latter two patents.

Plaintiff is in the business of designing, manufacturing, and selling adjustable air mattress systems, most notably the Sleep Number® bed, and components thereof. Defendant is in the business of, among other things, manufacturing and selling consumer and medical air bed systems. Plaintiff owns a number of patents, including the patents-in-suit. The technology at issue relates to systems and methods for adjusting the pressure in an air mattress system, and components thereof. Defendant sells air mattress systems that include assembly

components such as an air bladder(s) and an air controller, including but not limited to the Platinum 5000 and Platinum 6000 air controllers, which infringe all three of the patents-in-suit. Notably, the International Trade Commission has already determined that Defendant infringes two claims of U.S. Patent No. 5,904,172.

*By Defendant:*

Defendant Sizewise Rentals, L.L.C. is a leading manufacturer and distributor of hospital equipment. It offers bed frames, support surfaces, mobility items, healthcare furniture, and product accessories. Defendant has a facility in Lenexa, Kansas and operates state of the art manufacturing and distribution facilities in and around Kansas. Defendant wholly owns American National Manufacturing, Inc., based in Corona, California, whose is named defendant in a co-pending related case.

Because Defendant has filed a motion to dismiss for failure to state a claim (described below), Defendant has not yet filed an answer asserting affirmative defenses or counterclaims. To the extent this case goes forward, Defendant intends to assert affirmative defenses and counterclaims of noninfringement, invalidity, and unenforceability, among others things.

**B.     Subject Matter Jurisdiction**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Plaintiff brought this action under 35 U.S.C. § 271 *et seq.*

**C.     Legal Issues**

The Parties believe the key legal issues are (1) the validity and enforceability of the patents-in-suit; (2) whether Defendant's accused products infringe any of the patents-in-suit; (3) if so, whether that infringement was willful; (4) if so, the extent of Plaintiff's damages; and (5) if so, the appropriate scope of an injunction.

-3-
JOINT SCHEDULING CONFERENCE REPORT

### D. Parties, Evidence, etc.

The Plaintiff is SLEEP NUMBER CORPORATION, which is a publicly held corporation. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

The Defendant is SIZEWISE RENTALS, L.L.C., which is not a publicly traded company. No publicly-held corporation owns 10% or more of its stock.

The percipient witnesses include representatives of the parties, inventors, third parties with information related to the alleged infringement, validity and/or enforceability of the patents-in-suit, and expert witnesses on the issues of infringement, validity, and damages.

The key documents on the main issues in the case will be the patents-in-suit, documents related to Defendant's accused products, documents and things related to the alleged infringement, invalidity, and enforceability of the patents-in-suit, documents related to the parties' respective businesses, and documents related to the issues of damages and willfulness.

### E. Damages

Plaintiff does not currently have the benefit of discovery regarding the appropriate method and measure of damages or the extent of Defendant's infringing sales. Based upon limited information known to date, Plaintiff believes the realistic range of damages is in excess of millions of dollars.

Defendant disagrees that Plaintiff is entitled to any damages on its claims.

### F. Insurance

None of the Parties are aware of any insurance coverage applicable to this case.

### G. Motions

Following the filing of Defendant's first motion to dismiss, Plaintiff filed its first amended complaint on March 23, 2018. After the Court found Defendant's

motion moot, Defendant filed a renewed motion to dismiss on April 6, 2018 (Dkt. 43). Plaintiff opposed that motion. This motion is fully briefed and has been taken under submission without oral argument (Dkt. 59).

Additionally, Defendant filed a motion for attorneys' fees under Rule 41(d), and for a stay until those fees have been paid (Dkt. 45). It is Defendant's position that the motion is proper as Plaintiff had filed an identical case in the Northern District of Texas, which Plaintiff voluntarily dismissed after Defendant informed Plaintiff that it intended to challenge venue. Plaintiff opposed that motion, for the reasons set forth in its briefing. This motion is fully briefed and has been taken under submission without oral argument (Dkt. 59).

Defendant has also served on Plaintiff a letter that challenges the Rule 11 basis for Plaintiff's claim of infringement with respect to the '154 and '747 patents. It is Defendant's position that, to date, Plaintiff has failed to sufficiently respond and identify a proper Rule 11 basis and has not withdrawn those claims. It is Plaintiff's position that Plaintiff has provided an expert declaration addressing this issue. However, Defendant believes that this issue may result in motion practice.

Defendant also intends to file petitions for *inter partes* review ("IPR") to challenge the validity of claims of the patent-in-suit. Defendant may file a motion to stay pending the resolution of any IPR proceeding. Plaintiff may oppose that motion.

Other than those motions, the parties do not anticipate any motions to add parties or claims at this time.

### H. Dispositive Motions

Both parties may file motions for summary judgment on the issues of infringement, validity, enforceability, and/or damages in due course.

### I. Manual on Complex Litigation

The Parties do not believe that this case requires reference to the procedures set forth in the Manual on Complex Litigation.

### J. Status of Discovery

In light of Defendant's pending motions, the Parties have not yet engaged in substantial discovery. Defendant served a first set of requests for production upon Plaintiff on June 12, 2018. The Parties anticipate additional exchanges of discovery requests prior to the Court's Scheduling Conference and will provide an update to the Court at that Conference regarding the discovery conducted through that date.

### K. Discovery Plan

#### 1. Initial Disclosures

The Parties intend to exchange initial disclosures on or before Friday, June 29, 2018. The Parties do not anticipate any changes to the form or requirement of such disclosures.

#### 2. Subjects on Which Discovery May Be Needed

The Parties will take discovery on their respective claims and defenses, including the issue of damages.

*By Plaintiff*:

Plaintiff anticipates seeking discovery via interrogatories, document requests, fact depositions, and expert discovery. Plaintiff intends to seek discovery on the issues identified below, which are not intended to be an exhaustive list of issues for which Plaintiff may seek discovery:

- The features, technology, specifications, and other technical aspects of Defendant's accused products—i.e. Defendant's air mattress systems that include assembly components such as an air bladder(s) and an air

controller, including but not limited to the Platinum 5000 and Platinum 6000 and other versions of those air controllers.

- The research, design, development, testing, manufacturing, assembly, sourcing, and construction of the accused products.
- Defendant's marketing, advertising, promotional materials, training, and instructions related to the accused products.
- Defendant's sales of the accused products.
- Defendant's costs, revenues, profits, and profit margins associated with the sale of the accused products.
- Evidence supporting the objective indicia of non-obviousness of the patents-in-suit.
- Evidence supporting Plaintiff's claim for damages.
- Defendant's knowledge of the patents-in-suit and willful infringement.
- Expert opinions regarding infringement, validity, and damages.

*By Defendant:*

Defendant anticipates seeking discovery via interrogatories, document requests, requests for admission, fact depositions, and expert discovery.  Defendant intends to seek discovery on the issues identified below, which are not intended to be an exhaustive list of issues for which Defendant may seek discovery:

- Prior art related to the subject matter of the patents-in-suit.
- Plaintiff's knowledge of prior art related to the subject matter of the patents-in-suit.
- Plaintiff's knowledge of the conception and reduction to practice of the subject matter of the patents-in-suit.
- Plaintiff's knowledge of the design, testing, first public use, first public disclosure, and first offer for sale relating to the subject matter of the patents-in-suit.

- Prosecution of the patents-in-suit.
- Evidence supporting non-infringement of the patents-in-suit.
- Evidence supporting invalidity of the patents-in-suit.
- Evidence supporting unenforceability of the patents-in-suit.
- Evidence supporting equitable defenses.
- Evidence rebutting evidence Plaintiff puts forth.
- Evidence related to lack of damages.

### 3. Phased Discovery

The Parties do not believe phased discovery is necessary in this case.

### 4. Limitations on Discovery

Defendant's Proposal: Each party may take up to 150 hours of depositions.

Defendant's Brief Arguments: This is a complex patent case involving three patents-in-suit. The three patents-in-suit have collectively 5 named inventors and numerous attorneys of records. Such individuals have information relevant to conception and reduction to practice, validity, prior art, and/or inequitable conduct. In addition, numerous other third parties also possess relevant information (e.g., other air mattress companies' prior art systems). Defendant seeks additional deposition time to account for increased burden of third-party discovery that is typical in a complex patent case and to help avoid future disputes that may require the Court's attention.

Plaintiff's Proposal and Brief Arguments: Plaintiff propose no change to the default rule of 10 depositions under Rule 30. Plaintiff believe that 10 depositions is sufficient given the facts of the case and the three patents at issue. However, to the extent the Court is inclined to grant additional deposition time, Plaintiff proposes a specific number of depositions, e.g., 15, inclusive of all fact and expert witnesses.

The Parties do not propose any other changes to the discovery limitations imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

### 5. Issues Regarding Privilege

The Parties do not anticipate any unusual issues regarding privilege and agree to adhere to Federal Rule of Civil Procedure 26 and Federal Rules of Evidence 501–502.

There is no duty to disclose privileged documents or information. However, the Parties agree to log all responsive documents created before this litigation was initiated that are being withheld on the basis of attorney-client privilege, work product, or any other applicable privilege. The Parties further agree that each of the following categories of documents may be excluded from any privilege log:

(1) information created after the filing of the complaint in the prior Northern District of Texas action on December 29, 2017;

(2) attorney work product and communications that includes an outside attorney of record in the underlying case/proceeding, created during the pendency of and relating to any of the following bulleted cases/proceedings, including appeals thereof, except that information relevant to Reexamination No. 90/012456 (which the Parties may further define) and any original prosecution before the USPTO for a patent-in-suit will be logged:

- *Sleep Number Corp. v. Sizewise Rentals, L.L.C.*, C.A. No. 3:17-cv-0518 (N.D. Tex. filed Dec. 29, 2017));
- *Sleep Number Corp. v. American National Manufacturing, Inc.*, C.A. No. 3:17-cv-0517 (N.D. Tex. filed Dec. 29, 2017);
- *Certain Air Mattress Bed Systems, Components Thereof and Methods of Using the Same*, ITC Inv. No. 337-TA-971 (filed Oct. 16, 2015); or,

- *Certain Air Mattress Bed Systems and Components Thereof*, ITC Inv. No. 337-TA-999 (filed Apr. 20, 2016).

### 6. Electronically Stored Documents

The Parties agree to collect and produce documents as described below. To the extent any responsive information is not available for production via the below-referenced protocols, the Parties shall meet and confer to determine the best method of production. The Parties shall also meet and confer in good faith regarding any other issues relating to the discovery of electronically stored information and, in the absence of agreement, shall request a scheduling conference with the Court.

*Identification of Responsive ESI:* The Parties shall make a good faith effort to identify all individuals or data sources, including, but not limited to, email mailboxes, network based file shares, user-created content on laptop/desktop hard drives, and removable media such as CD's, DVD's, USB or flash drives, etc., which may contain relevant or responsive information. The Parties shall also make a good faith effort to utilize search terms and any other culling/search criteria for the purposes of appropriately filtering these ESI sources.

*Production Specifications:* The Parties shall generally produce ESI shall in the following file format:

a. 1 bit black and white, single-page, 300 DPI, Group IV .TIFF images. Each .TIFF image produced shall be assigned a unique production/Bates number. Production numbers of the .TIFF images shall be sequential and the zero padding shall be consistent (for example, the production number should be 7 digits for all documents). The Parties shall number document families sequentially.

b. Where appropriate or specifically requested, documents produced in color shall be single page, color .JPEG images.

     c.     Spreadsheet documents (*e.g.*, Excel, CSV, etc.) and any other files that are not easily converted to image format shall be produced in native format. Any documents produced in native format will be accompanied by a placeholder .TIFF image indicating the document production/Bates number of the native document. The native documents shall be named to match their respective document production/Bates number and shall be referenced by the corresponding database metadata load file containing the relative path and file name of that native document.

     d.     Document level OCR/extracted text files (or OCR for non-ESI documents) shall be produced to correspond to each produced document. Each text file shall be named to match their respective document production/Bates number and shall be referenced by the corresponding database metadata load file containing the relative path and file name of that text file.

*Metadata:* The Parties shall provide the following metadata for all ESI produced, to the extent such metadata exists: Production Beginning Bates Number, Production Ending Bates Number, Production Beginning Attachment, Production Ending Attachment, Attachment Count, File Name, All Custodians, Custodian, Original File Path, Page Count, File Extension, Email Subject, Date Sent, Time Sent, Date Received, Time Received, Date Created, Time Created, Date Modified, Time Modified, Author, From, To, CC, BCC, MD5 Hash Conversation Index, File Size (bytes), Processing Time Zone, Confidentiality Designation, Relative Path to Extracted Text/OCR Text File, Relative Path to Native File.

*Load Files:* All productions will include database load files in the format requested by the receiving party (e.g. Concordance .DAT metadata load file and Concordance .OPT image load file) which will include metadata, document

boundary and document family boundary information and relative paths to images, native files, and document level text files.

### 5. Other Orders

The Parties request that the Court enter a Scheduling Order under Federal Rule of Civil Procedure 16(b).

Due to the confidential nature of certain documents that will be disclosed during discovery in this case, the Parties also request that a stipulated protective order be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c). The Parties are working together to prepare a proposed protective order and will jointly submit the protective order to the Magistrate Judge for approval.

At this time, the Parties do not anticipate any other orders the Court should issue under Fed. R. Civ. P. 26(c), 16(b), or 16(c). The Parties respectfully reserve the right to seek leave of Court to amend or deviate from these limits upon agreement or for good cause.

### L. Discovery Cut-Off

The Parties separately propose a discovery cut-off for the completion of discovery, including resolution of all discovery motions, as identified in the Worksheet attached hereto as Exhibit A.

### M. Expert Discovery

The Parties separately propose expert discovery deadlines, including expert disclosures, expert discovery cut-off, and expert discovery motions, as identified in the Worksheet attached hereto as Exhibit A.

Additionally, the following communications and materials relating to expert witnesses in this litigation shall not be the subject of discovery or inquiry at trial: (1) drafts of any expert disclosures or analysis (including reports, declarations, affidavits, or any other form of testimony); (2) communications, whether written or oral, between or among any expert, consultant, and/or counsel for the party

retaining said expert; (3) notes or preparatory materials taken by or on behalf of any expert; (4) emails, lists, agendas, outlines, memoranda, presentations, and letters, whether in draft or any other form, that are provided to, or by, or on behalf of, any expert; and, (5) any other types of preliminary work product created by or on behalf of any expert.  The foregoing exemptions shall <u>not</u> apply to any communications or materials, including those listed above, on which any expert, in any disclosure, expressly relies as a basis for any opinion at issue in this case, including support for a pre-filing investigation of any claim.  Communications and materials exempt from discovery under this provision shall be treated as attorney work product, and need not be listed on any privilege log.

### N.    Settlement Conference / Alternative Dispute Resolution

The Parties have not yet discussed settlement of this case.  In accordance with the Court's Notice to Parties of Court-Directed ADR Program (Dkt. 7), the Plaintiff prefers ADR Procedure No. 3 (Private Mediation) and Defendant prefers ADR Procedure No. 1 (district judge or magistrate judge proceeding).

### O.    Trial Estimate

Should this case proceed to trial, the Parties estimate that the trial in this matter will last 12–14 days.  The Parties anticipate calling a collective total of between 6–12 fact witnesses and 4–8 expert witnesses.  The trial will be before a jury.

### P.    Trial Counsel

Should this case proceed to trial, the following attorneys will try the case: On behalf of Plaintiff, Andrew Hansen of Fox Rothschild LLP and Steven Moore of Pillsbury Winthrop Shaw Pittman LLP will serve as lead trial counsel.  On behalf of Defendant, Kyle L. Elliott (lead trial counsel) and Jaspal S. Hare of Spencer Fane LLP, among others, will be trial counsel.

### Q. Independent Expert or Master

The Parties do not believe this case is appropriate for the appointment of a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

### R. Schedule Worksheet

The Parties have submitted a completed Worksheet, reflecting proposed deadlines for this case, attached hereto as <u>Exhibit A</u>. The parties also request that the Court issue the following deadlines in this case. The parties brief arguments follows.

| **Event** <br> *Note:* Hearings shall be on Fridays at 10:00 a.m. <br> Other dates can be any day of the week. | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
|---|---|---|
| Deadline to Disclose Asserted Claims and Infringement Contentions | 08/29/2018 | 8/29/2018 |
| [Defendant's Proposal] Deadline to Disclose Dates of Conception and Reduction to Practice and Complete Accompanying Document Product[1] <br><br> [Plaintiff's Proposal] None | N/A | 8/29/2018 |
| Deadline to Disclose Invalidity Contentions | 09/12/2018 | 11/16/2018 |
| Deadline to Exchange Proposed Terms and Claim Elements for Construction | 09/26/2018 | 12/7/2018 |
| Deadline to Exchange Preliminary Claim Constructions & Extrinsic Evidence | 10/10/2018 | 12/21/2018 |
| Deadline to Complete Claim Construction Discovery | 10/24/2018 | 1/4/2019 |

---

[1] Accompanying Document Production refers to production of documents and things required by Rule 3-2 of the Patent Local Rules for the Northern District of California and includes, *inter alia*, evidence related to conception and reduction to practice.

| | | |
|---|---|---|
| Deadline to File Joint Claim Construction and Prehearing Statement | 11/07/2018 | 1/18/2019 |
| Deadline to File Opening Claim Construction Brief | 11/21/2018 | 2/1/2019 |
| Deadline to File Responsive Claim Construction Brief | 11/28/2018 | 2/15/2019 |
| Deadline to File Reply Claim Construction Brief | 12/05/2018 | 3/1/2019 |
| Requested Date for Claim Construction Hearing | 12/21/2018 | 3/15/2019 |
| Deadline for Advice of Counsel Defense | 02/01/2019 | 5/24/2019 |
| Deadline for Final Infringement Contentions | 02/08/2019 | 5/3/2019 |
| Deadline for Final Invalidity Contentions | 02/08/2019 | 5/17/2019 |

<u>Defendant's Position</u>: Defendant requests a later trial setting and less compressed schedule and the disclosure of Plaintiff's Asserted Claims and Infringement Contentions to further include (1) the disclosure of the dates of conception and reduction to practice and (2) be accompanied by a production of documents as outlined in Rule 3-2 of the Northern District of California's Local Patent Rules.

<u>Defendant's Brief Arguments</u>: This is a complex patent case involving three patents-in-suit. As is typical for a patent case, there will be a claim-construction phase, a fact-discovery phase (include third-party discovery related to prior art), and expert-discovery phase. Defendant proposes adding an additional four months to the normal 18-month trial setting to allow sufficient time for this case to proceed in an orderly fashion. In contrast, Plaintiff's proposed schedule is compressed.

In addition, Defendant proposes that Plaintiff be required to Disclose Dates of Conception and Reduction to Practice and Complete Accompanying

> Document Product.  This information—related to the priority date that each claim is entitled to—is critical for determining what is prior art and thus for preparing Invalidity Contentions.  Plaintiff presumably has already collected and analyzed this information as part of its pre-suit investigation.  There appears to be no good reason why Plaintiff would contest this requirement.

> <u>Plaintiff's Position and Brief Arguments:</u>  Plaintiff believes that the normal 18-month trial setting allows sufficient time for this case to proceed in an orderly fashion, especially given the parties' prior dispute at the ITC.  Further, Plaintiff opposes Defendant's request related to the Northern District of California's Local Patent Rules as the Central District of California does not impose such requirements and Defendant may obtain this information in the normal course of discovery.  However, if the Court is inclined to grant Defendant's request, Plaintiff proposes that any additional disclosure or document production should be governed by the Standing Patent Rules utilized by other judges in this district and that any additional disclosure or document production requirements should be reciprocal. Therefore, if Plaintiff is made to comply with S.P.R. 2.1 and 2.2, which govern infringement contentions and related productions, Defendant should be required to comply with S.P.R. 2.5 and 2.6, which relate to invalidity contentions and related productions.

As requested in the Court's Order Setting Scheduling Conference, the Parties will submit a separate stipulation and proposed order with respect to the deadlines listed in the chart above.

### S.     Other Issues

The Parties do not anticipate any other issues affecting the status or management of the case at this time.  Further, the Parties do not currently anticipate any issues regarding severance, bifurcation, or other ordering of proof.

### T.  Magistrate Judge

The Parties decline to consent to have a magistrate judge preside over all proceedings pursuant to 28 U.S.C. § 636.

Dated:  June 22, 2018　　　　　FOX ROTHSCHILD LLP

　　　　　　　　　　　　　　　By: */s/ Ashe P. Puri*
　　　　　　　　　　　　　　　　　Ashe P. Puri
　　　　　　　　　　　　　　　　　Elizabeth A. Patton
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff


Dated:  June 22, 2018　　　　　SPENCER FANE LLP

　　　　　　　　　　　　　　　By: */s/ Jaspal S. Hare*
　　　　　　　　　　　　　　　　　Kyle L. Elliott
　　　　　　　　　　　　　　　　　Jaspal S. Hare
　　　　　　　　　　　　　　　　　Attorneys for Defendant